**Affirmed in Part; Reversed in Part; Remanded; and Opinion and Dissenting Opinion filed December 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00715-CV

---

## MARY ANN YAMIN, TEXAS BLACK IRON, INC., AND 5310 WOODWAY, LLC, Appellants

## V.

## CARROLL WAYNE CONN, L.P, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2013-47764**

---

# CONCURRIUNG AND DISSENTING OPINION

I agree with the court's disposition of appellant Mary Ann Yamin's appellate issues. But, I part ways with the majority in its analysis of appellant Texas Black Iron, Inc.'s reverse-veil-piercing issues. Even if the actual-fraud requirement in Texas Business Organizations Code section 21.223(b) does not apply to an outsider-reverse-veil-piercing theory by statute, an actual-fraud requirement analogous to the

statutory one should be a part of an outsider-reverse-veil-piercing theory as a matter of common law.

***Neither the Supreme Court of Texas nor this court has addressed whether Texas common law allows outsider reverse veil-piercing***.

As the majority and the parties recognize, the Supreme Court of Texas has not yet addressed whether Texas common law allows reverse veil-piercing. Though this court discussed the outsider-reverse-veil-piercing theory in *Nugent v. Estate of Ellickson*, no party in that case asserted that Texas common law does not recognize this theory, and the *Nugent* court did not need to address that issue because the court held the evidence legally insufficient to support the jury's finding under this theory.[1] No party in *Nugent* asserted that the court failed to submit a proper outsider-reverse-veil-piercing theory, nor did any party argue that the plaintiff had to show that any party perpetrated an actual fraud on the plaintiff.[2] Thus, the *Nugent* court did not hold that Texas common law allows outsider reverse veil-piercing, nor did the *Nugent* court's holding address what elements a plaintiff must show to succeed under this theory.[3]

***Whether the actual-fraud requirement applies to outsider reverse veil-piercing appears to be an issue of first impression***.

Presuming for argument's sake that Texas common law would permit a plaintiff to pursue an outsider-reverse-veil-piercing theory, another issue is whether section 21.223(b)'s actual-fraud requirement would apply to this theory by statute or by analogy under the common law. Neither the parties nor the majority have cited a case in which a Texas court decides the issue. The Eleventh Court of Appeals, in

---

[1] *See* 543 S.W.3d 243, 265–67 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

[2] *See id.*

[3] *See id.*

*Clement v. Blackwood*, recently stated that a plaintiff must satisfy the actual-fraud requirement under section 21.223(b) before the plaintiff may recover based on an outsider-reverse-veil-piercing theory.[4] In that case, the appellate court held the trial evidence legally sufficient to support the jury's finding in favor of the plaintiffs on their outsider-reverse-veil-piercing theory.[5] In the *Clement* case, no party raised the issue of whether the actual-fraud requirement applies to an outsider-reverse-veil-piercing theory, and the court simply determined whether the trial evidence supported the jury's finding based on the charge, which required actual fraud.[6] Thus, whether the actual-fraud requirement applies to outsider reverse veil-piercing appears to be an issue of first impression in Texas.

### *The actual-fraud requirement should apply to outsider reverse veil-piercing under Texas common law*.

The majority rejects Black Iron's argument that Texas Business Organizations Code section 21.224, entitled "Preemption of Liability," makes the actual-fraud requirement in section 21.223(b) apply to an outsider-reverse-veil-piercing theory. Presuming that no statute imposes an actual-fraud requirement on an outsider-reverse-veil-piercing theory, the Legislature's failure to impose this requirement does not mean that Texas courts cannot require actual fraud as part of the necessary elements of a common-law outsider-reverse-veil-piercing theory.

Today, this court holds for the first time that Texas common law allows outsider reverse veil-piercing. In so doing, this court is free to articulate the essential elements that a plaintiff must prove to succeed on that theory, including an actual-

---

[4] *See* No. 11-16-00087-CV, 2018 WL 826856, at *5–6 (Tex. App.—Eastland Feb. 8, 2018, pet. denied) (mem. op.).

[5] *See id.*

[6] *See id.*

fraud element. In articulating Texas common law in this area, this court should take into account relevant statutes, even if those statutes do not apply to outsider reverse veil-piercing and even if the Legislature adopted those statutes after some courts began developing the outsider-reverse-veil-piercing theory under the common law.[7]

If reverse veil-piercing is appropriate in circumstances analogous to those that justify traditional veil-piercing, then the same actual-fraud requirement that applies to traditional veil-piercing also should apply to reverse-veil piercing.[8] Likewise, if the law requires actual fraud to pierce the corporate veil between the owner of a Texas corporation and the corporation to make the owner liable for an obligation of the corporation, principles of consistency and equity justify requiring actual fraud to pierce the corporate veil between the owner of a Texas corporation and the corporation to make the corporation liable for an obligation of the owner.[9]

Thus, this court should hold that, for appellee Carroll Wayne Conn, L.P. to recover under a common-law outsider-reverse-veil-piercing theory, Conn must prove that Stephen Yamin caused Black Iron to be used for the purpose of perpetrating, and did perpetrate, an actual fraud on Conn, primarily for Stephen Yamin's direct personal benefit.[10] Conn obtained a favorable jury finding to this

---

[7] *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528–31 (Tex. 1998) (considering statute applicable to certain claims, but not the claim in the case at hand, and modifying the common-law rule to comport with the rule adopted by the Legislature, even though the Legislature could have but did not make the statute applicable to the types of claims at issue and even though the statute was not the same as the common-law rule the high court previously had announced).

[8] *See id.*

[9] *See id.*

[10] *See* Tex. Bus. Orgs. Code Ann. § 21.223(b); *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 528–31.

4

effect in response to Question 6, and this court should address whether the trial evidence is legally and factually sufficient to support this finding. Because the court does not do so, I respectfully dissent as to the majority's analysis of Black Iron's issues.


/s/     Kem Thompson Frost
          Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison. (Christopher, J., majority).